IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**PINNACLE BIOFUELS, INC.**                                                                        **PLAINTIFF**

V.                                              5:08-CV-00242-WRW

**BIOVERSEL and PATRIOT FUELS, LLC.**                                            **DEFENDANTS**

## ORDER

Pending is Plaintiff's Motion to Remand (Doc. No. 10). Defendant Bioversal has responded.[1]

### I. BACKGROUND

Plaintiff filed this case in the Circuit Court of Arkansas County, Arkansas on August 19, 2008.[2] Defendants removed the case on August 28, 2008, and the Notice of Removal was filed with the state court on August 29, 2008. On August 29, 2008, Bioversal filed its Answer and Counterclaim.[3] Plaintiff filed the Motion to Remand on September 4, 2008.[4]

### II. STANDARD

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims.[5] In reviewing a motion to remand, I must resolve all doubts in favor of a

---

[1] Doc. No. 18. Defendant Patriot Fuels, LLC was dismissed on September 9, 2008 (Doc. No. 14), based on Plaintiff's September 5, 2008 waiver of claims (Doc. No. 12) against Patriot.

[2] Doc. No. 2.

[3] Doc. No. 3.

[4] Doc. No. 10.

[5] 28 U.S.C. § 1447(c).

remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence.[6]

### III.  DISCUSSION

Plaintiff contends this case should be remanded for three reasons: (1) no pending controversy between Plaintiff and Defendant exists; (2) the parties' agreement identifies the Circuit Court of Ashley County, Arkansas as the forum for litigation; and, (3) under Arkansas law, federal district court is not a proper venue for Bioversal's replevin action.

####    A.    Pending Controversy

A controversy exists between the parties. The Circuit Court of Ashley County was divested of jurisdiction on August 29, 2008 when the Notice of Removal was filed. At that time, supplemental jurisdiction under 28 U.S.C. § 1367(a) vested in this Court in addition to independent diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants promptly filed a counterclaim against Plaintiff one day later. This counterclaim may be heard in federal court because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

On September 3, 2008, Plaintiff filed a Notice of Waiver of Claim of Interest in Biodiesel Fuel Stored at Patriot Fuels, LLC in Ashley County Circuit Court.[7] In that notice, Plaintiff consented to entry of an order dismissing its Complaint for declaratory relief. The notice filed in state court had no effect because the Ashley County Circuit Court was without jurisdiction when Plaintiff filed the notice in that court. Defendant's counterclaim was filed in this Court before

---

[6]*In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

[7]A copy of the Notice of Waiver was filed with this Court on September 5, 2008 (Doc. No. 12).

Plaintiff filed the notice of dismissal here. Accordingly, a pending controversy does exist between the parties.

### B.     Forum-Selection Clause

Plaintiff contends that the forum-selection clause contained in the parties' April 30, 2008 agreement operates as a waiver of federal jurisdiction and a bar to removal. The "Dispute Resolution" paragraph of the agreement reads: "either party *may* seek legal or equitable relief in the Circuit Court of Ashley County, Arkansas."[8]

Plaintiff's argument lacks merit for two reasons. First, the forum-selection clause was not mandatory. The parties chose the permissive word, "may." As the Fifth Circuit has pointed out, "contractual clauses purporting to waive federal jurisdiction must be mandatory and not merely permissive."[9]

In any event, Plaintiff probably waived any rights it possessed under the forum-selection clause by filing in Arkansas County Circuit Court instead of Ashley County Circuit Court.

### C.     Replevin and Venue

Lastly, Plaintiff argues for remand because the Eastern District of Arkansas is not the proper venue for an original replevin cause of action. The issue of venue is irrelevant when determining if removal was proper.[10]

---

[8] Doc. No. 3 (Exhibit A, ¶ 16) (emphasis added).

[9] *Collin County v. Siemens Bus. Servs., Inc.*, 250 Fed. Appx. 45, 51, 2007 WL 2908926 (5th Cir. 2007) (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974); see also *Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003) (addressing Illinois law and stating that forum-selection clause was unenforceable because it was permissive, not mandatory).

[10] 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Remand (Doc. No. 10) is DENIED.

IT IS SO ORDERED this 18th day of September, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE